# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| PAUL LAIDIG, PETER LEWIS, and MICHAEL ROBBINS, as representatives of a class of similarly situated persons, and on behalf of the Vi-Jon Employee Stock Ownership Plan,<br><br>    Plaintiffs,<br><br>vs.<br><br>GREATBANC TRUST COMPANY, BERKSHIRE FUND VI, LIMITED PARTNERSHIP, JOHN G. BRUNNER, JOHN G. BRUNNER REVOCABLE TRUST DATED 06-09-1992, and JOHN AND JANE DOES 1-20,<br><br>    Defendants. | Case No. 1:22-cv-01296<br>Hon. Mary M. Rowland |

**DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFFS' NOTICE OF <u>SUPPLEMENTAL AUTHORITY</u>**

Plaintiffs mischaracterize the holding in *Placht v. Argent Trust Company*, No. 21-C-5783, 2022 WL 3226809, *1 (N.D. Ill. Aug. 10, 2022) and exaggerate its impact on this lawsuit. The underlying allegations in *Placht* are fundamentally different from Plaintiffs' allegations in this case. *Placht* has no impact on the viability of Plaintiffs' claims in this case or the arguments raised in Defendants' motions to dismiss. Dkt. 42-46.

### A. Plaintiffs lack Article III standing because they have not plausibly alleged that they suffered an injury-in-fact.

Plaintiffs argue that *Placht's* reluctance to follow *Lee v. Argent Trust Company*, No. 5:19-cv-156-BO, 2019 WL 3729721 (E.D.N.C. Aug. 7, 2019), supports the viability of their allegations of injury in this case. That is not accurate. Plaintiffs note that *Placht* declined to follow *Lee* because it found that the allegations of harm in *Placht* were (1) sufficient to establish standing and (2) unlike those in *Lee* because they omitted allegations "related to the ESOP's equitable positions before and after the transaction…" Dkt. 60 at 2. Plaintiffs, however, fail to acknowledge the fundamental differences between the underlying allegations in *Placht* and their allegations in this lawsuit, which render *Placht* distinguishable and irrelevant.

While the plaintiff in *Placht* did not include allegations related to the *equitable* position of the ESOP stock before and after the stock transaction in that case, which distinguishes *Placht* from *Lee*, the *Placht* plaintiff did include allegations about the *value* of the stock before and after the transaction supported by financial figures, which distinguishes *Placht* from this case. In reaching its holding, *Placht* relied on allegations that the stock lost value post-transaction when it was valued between $7,800,000 and $11,000,000, compared to a $66,500,000 purchase price. *Placht*, 2022 WL 3226809 at *3. Here, conversely, Plaintiffs made no allegations about the value of Vi-Jon stock before or after the transaction. Plaintiffs merely allege that the ESOP

1

purchase price was inflated based on conjecture related to supposedly inflated earnings projections due to the sale of hand sanitizer during the COVID-19 pandemic. As detailed in GreatBanc's Motion (Dkt. 42-1, pp. 8-10), those allegations are insufficient to establish standing, and *Placht* does nothing to change that.

### B. Plaintiffs failed to state any viable claims for relief.

Plaintiffs oversimplify *Placht's* holding regarding the prohibited transaction claim against the plan fiduciaries in that case. In so doing, they ignore their pleading obligations and the fundamental distinctions between *Placht* and this case. *See* Dkt. 60 at 2 (asserting that *Placht* held that the plaintiffs "sufficiently alleged a prohibited transaction by plausibly suggesting an overpayment in the ESOP transaction at issue, as Plaintiffs did here, too").

*First,* Plaintiffs cannot meet their burden to plead a claim against a fiduciary under 29 U.S.C. § 1132(a), for a violation of 29 U.S.C. § 1109, by simply "suggesting" that an overpayment occurred—they must plausibly allege facts to support the elements of a claim for relief under ERISA § 502(a). *See, e.g.*, *Tatum v. RJR Pension Inv. Comm.*, 761 F.3d 346, 362-63 (4th Cir. 2014), *cert. denied*, 135 S. Ct. 2887 (2015) (holding plaintiff must plead, and prove, a fiduciary duty, a breach of that duty, losses to an ERISA plan, and at least a prima facie case for causation to state § 502(a)(2) claim); *In re DeRogatis*, 904 F.3d 174, 190 (2d Cir. 2018) (explaining § 502(a)(3) claim requires plaintiff to plead and prove: (1) defendant was a fiduciary when it engaged in the alleged conduct; (2) breach of fiduciary duty; and (3) appropriate equitable relief tied to the alleged violation). And they have not.

*Second*, the allegations supporting the prohibited transaction claim in *Placht* are distinguishable from Plaintiffs' allegations here. The plaintiff in *Placht* alleged that the stock lost monetary value both before and after the transaction based on financial figures. But

2

Plaintiffs here make no plausible allegations regarding the value of the Vi-Jon stock whatsoever, and instead rely on speculation about the impact of hand sanitizer sales. Further, *Allen v. GreatBanc Trust Company,* 835 F.3d 670 (7th Cir. 2016), which *Placht* relied on in reaching its holding, has no effect on Defendants' Motions. GreatBanc addressed *Allen* in its motion and discussed how its arguments in support of dismissal were not based on any grounds that *Allen* rejected.[1] *See, e.g.,* Dkt. 42-1, pp. 12-13.

*Third*, the Berkshire and Brunner Defendants seek dismissal of Plaintiffs' ERISA § 502(a)(3)[2] claim against them because Plaintiffs are seeking relief that is neither "equitable" nor "appropriate" within the meaning of that section, and they have pleaded no facts to show that those Defendants had knowledge of any illegal conduct in connection with the ESOP Transaction. *See* Dkt. 44, pp. 6-15; Dkt. 57, pp. 3-14. *Placht* primarily concerns itself with the sufficiency of claims against alleged fiduciaries of an ESOP, and that analysis is inapposite with respect to the Brunner and Berkshire Defendants. Plaintiffs have not alleged that those defendants were Plan fiduciaries or asserted claims against them based on any alleged fiduciary status. *Compare Placht*, 2022 WL 3226809 at *1, 6-10, 13, *with, e.g.*, Dkt. 44, p. 3; Dkt. 57, pp. 1-2, 4. The standard for pleading ERISA § 502(a)(3) claims against non-fiduciaries is distinct from the pleading standard applicable to fiduciaries, and allegations demonstrating a demand for appropriate equitable relief and knowledge of unlawful conduct in the trustee's process of effecting the ESOP transaction are prerequisites. *See, e.g.*, Dkt. 44, pp. 9-11; Dkt. 57, pp. 1-2, 4-5, 11-14.

---

[1] The *Placht* Court also declined to determine the applicability of the prohibited transaction exemption provision under 29 U.S.C. § 1108(b)(3) regarding the reasonableness of ESOP loan terms. Here, Plaintiffs make no allegations regarding the rate of the ESOP loan, and Defendants do not rely upon this exemption.
[2] 29 U.S.C. § 1132(a)(3).

3

*Placht* applied this knowledge requirement, supporting the conclusion that Plaintiffs' allegations against the non-fiduciary Defendants here are insufficient. In *Placht*, the plaintiffs alleged that certain high-ranking officers of the ESOP company sponsor knew or should have known the content of company projections, valuations, and other information the company provided to the ESOP Trustee, "both because of their positions and their participation in the transaction[.]" 2022 WL 3226809 at *13. By contrast, Plaintiffs' allegations against the non-fiduciary Defendants here fall short of even this lenient pleading standard. *See, e.g.*, Dkt. 57, p. 10 (explaining Plaintiffs' claim against the Brunner Defendants rests on only three factual allegations); *see also* Dkt. 55, pp. 3, 4. As in *Placht*, Plaintiffs' failure to plead facts sufficient to show that the non-fiduciary Defendants had insider knowledge of the valuations, projections, or other information given to the Trustee render Plaintiffs' claim against them deficient as a matter of law. *See Placht*, 2022 WL 3226809 at *13 ("[T]he complaint provides no indication that the Organizational Shareholders could or should have had such insider knowledge of the Symbria valuations and projections. Accordingly, Plaintiff has not sufficiently alleged the Organizational Shareholders' knowing participation in a prohibited transaction.").[3]

---

[3] *Placht* did not find that mere allegations that the defendants had knowledge of a prohibited transaction was sufficient to plead the requisite knowledge to state a § 502(a)(3) claim, as Plaintiffs argue here. *See, e.g.*, Dkt. 55, p. 24. Instead, that court looked to whether the plaintiff had alleged facts sufficient to give rise to an inference that the defendants could or should have known that the transaction—and, specifically, the trustee's process in effecting the transaction—was unlawful, which is consistent with the pleading standard the Brunner Defendants articulated in their motion to dismiss. *See Placht*, 2022 WL 3226809, *13; Dkt. 44, pp. 11-14; Dkt. 57, pp. 10-14.

DATED: August 31, 2022          Respectfully submitted,

By: /s/ *Joseph C. Faucher*

Joseph C. Faucher (CA SBN 137353)
(*Admitted Pro Hac Vice*)
Brian D. Murray (CA SBN 294100)
(*Admitted Pro Hac Vice*)
TRUCKER ✦ HUSS
A Professional Corporation
15760 Ventura Blvd., Suite 910
Encino, CA 91436
Telephone: (415) 788-3111
Facsimile: (415) 421-2017
Email:     jfaucher@truckerhuss.com
            bmurray@truckerhuss.com

Dylan D. Rudolph (CA SBN 278707)
(*Admitted Pro Hac Vice*)
Catherine L. Reagan (CA SBN 327702)
(*Admitted Pro Hac Vice*)
TRUCKER ✦ HUSS
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, California 94105
Telephone: (415) 788-3111
Facsimile: (415) 421-2017
Email:     drudolph@truckerhuss.com
            creagan@truckerhuss.com

Roger H. Stetson
David B. Lurie
BARACK FERRAZZANO
KIRSCHBAUM & NAGELBERG, LLP
200 W. Madison St., Suite 3900
Chicago, Illinois 60606
Telephone: (312) 984-3100
Email:     roger.stetson@bfkn.com
            david.lurie@bfkn.com

*Attorneys for Defendant GreatBanc Trust Company*

| | |
|---|---|
| DATED: August 31, 2022 | By: /s/ *Richard J. Pearl*<br>Richard J. Pearl<br>320 S. Canal St., Suite 3300<br>Chicago, Illinois 60606<br>Telephone: (312) 569-1000<br>rick.pearl@faegredrinker.com<br><br>Stephanie L. Gutwein<br>300 North Meridian Street, Suite 2500<br>Indianapolis, Indiana 46204<br>Telephone: (317) 237-0300<br>stephanie.gutwein@faegredrinker.com<br><br>*Attorneys for Defendants John G. Brunner and John G. Brunner Revocable Trust dated 06-09-1992* |
| DATED: August 31, 2022 | By: /s/ *Theodore M. Becker*<br>Theodore M. Becker<br>J. Christian Nemeth<br>MCDERMOTT WILL & EMERY LLP<br>444 W. Lake Street, Suite 4000<br>Chicago, Illinois 60606<br>Telephone: (312) 372-2000<br>Facsimile: (312) 984-7700<br><br>*Attorneys for Defendant Berkshire Fund VI, L.P.* |

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on August 31, 2022, he caused a copy of the foregoing document to be filed with the Court's CM/ECF system, which provides notice to all counsel of record via electronic mail.

/s/ *Joseph C. Faucher*
Joseph C. Faucher