IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Paul Laidig, Peter Lewis, and Derek Kemp, as representatives of a class of similarly situated persons, and on behalf of the Vi-Jon Employee Stock Ownership Plan,<br><br>Plaintiffs,<br><br>v.<br><br>GreatBanc Trust Company, Berkshire Fund VI, Limited Partnership, John G. Brunner, John G. Brunner Revocable Trust dated 06-09-1992, and John and Jane Does 1-20,<br><br>Defendants. | Case No. 1:22-cv-01296<br><br>Hon. LaShonda A. Hunt<br><br>Hon. Heather K. McShain<br><br>**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF OPPOSED MOTION FOR PRELIMINARY APPROVAL OF PARTIAL CLASS SETTLEMENT** |

## INTRODUCTION

Defendants GreatBanc Trust Company ("GreatBanc") and Berkshire Fund VI, Limited Partnership ("Berkshire") raise objections to the proposed Settlement[1] between a proposed Settlement Class and various defendants and nonparty trusts affiliated with John G. Brunner (collectively, "the Brunner Defendants").[2] Since the time GreatBanc and Berkshire filed their objections, counsel for the parties have continued to meet and confer in an attempt to resolve the

---

[1] The text of the Settlement is available as Exhibit A to the Third Declaration of Brock J. Specht ("3d BJS Decl."), ECF No. 258-1 (hereinafter "Settlement").

[2] The Brunner Defendants are: (1) John Brunner; (2) John G. Brunner Revocable Trust dated 06-09-1992; (3) Elizabeth Brunner Kline 2012 Irrevocable Trust Dated November 30, 2012; (4) Elizabeth Lorton Brunner Irrevocable Trust Dated August 1, 2001; (5) John And Janell Brunner Family Trust Dated May 27, 2020; (6) John B. Brunner, III 2012 Irrevocable Trust Dated November 30, 2012; (7) John Burgess Brunner, III Irrevocable Trust Dated August 1, 2001; (8) John G. Brunner Irrevocable Trust F/B/O Elizabeth Sally Pratte Dated March 30, 2007;(9) John G. Brunner Irrevocable Trust F/B/O Robin Peregrine White Moores Dated March 30, 2007; (10) John G. Brunner Irrevocable Trust FBO Gabrielle G. Alves Dated March 30, 2007; (11) John G. Brunner Irrevocable Trust FBO Lucas B. Alves Dated March 30, 2007; (12) John G. Brunner Irrevocable Trust FBO Nicholas N. Alves Dated March 30, 2007; (13) Virginia Brunner Becker 2012 Irrevocable Trust Dated November 30, 2012; and (14) Virginia White Brunner Irrevocable Trust Dated August 1, 2001. Settlement at ¶¶ 1.4, 1.10, 1.38.

objections. The parties have made substantial progress in these efforts and are optimistic that the disputes over the proposed Settlement can be resolved amicably by the time Plaintiffs' Motion for Preliminary Approval is heard. But in the interim, Plaintiffs provide these arguments in support of preliminary approval of the Settlement.

GreatBanc and Berkshire's objections fall into three general categories. First, they object to any obligation the Settlement might place on them to retain, pay for, or cooperate with the Independent Fiduciary. Second, they object on grounds that Plaintiffs' Motion for Leave to File Second Amended Complaint[3] is still pending, and that they or the nonparties who might be added as defendants could be prejudiced if partial settlement is granted before that motion is decided. Third, Berkshire objects on grounds that its rights to indemnification, contribution, or set-off might be affected by the Settlement. None of these objections have merit. As to the first, the Settlement was not intended to place any obligation on GreatBanc or Berkshire with regard to the Independent Fiduciary, and Plaintiffs and the Brunner Defendants have agreed to take appropriate steps to make this explicit.[4] The remaining objections, which are based on pure speculation and present arguments that GreatBanc and Berkshire have no standing to advance, should be rejected.

## ARGUMENT

The Seventh Circuit holds that "a nonparty to a settlement agreement no more has standing to challenge the legality of the agreement than a nonparty to any other contract would have." *SmithKline Beecham Corp. v. Pentech Pharms., Inc.*, 261 F. Supp. 2d 1002, 1006–07 (N.D. Ill. 2003) (citing *Agretti v. ANR Freight Sys., Inc.*, 982 F.2d 242, 246–48 (7th Cir. 1992)). Nonsettling defendants "have no standing to object to the fairness or adequacy of the settlement by other

---

[3] Motion and related papers located at ECF Nos. 162–165.

[4] As part of their ongoing discussions, the parties are negotiating specific language that will resolve this issue.

defendants." *Chesemore v. Fenkell*, 829 F.3d 803, 815 (7th Cir. 2016) (quoting *Agretti*, 982 F.2d at 246). A nonsettling party only has standing to object if it "can show plain legal prejudice resulting from the settlement." *Id.* (quotation omitted). That is "interference with contractual or contribution rights or the stripping away of a cross-claim," not merely some "tactical disadvantage for another defendant" as a result of the settlement. *Id.*

I.    **Objections Concerning the Appointment of the Independent Fiduciary**

GreatBanc objects to the Settlement on grounds that it would allegedly require GreatBanc "to retain and potentially pay an independent fiduciary to approve the proposed partial settlement." GreatBanc Obj., ECF No. 265, at 1. Similarly, Berkshire objects to the Settlement on grounds that it would require it to "retain or pay for an independent fiduciary" and "give information to an independent fiduciary." Berkshire Obj., ECF No. 264, at 3–4. For the reasons discussed below, the Court should set these objections aside and preliminarily approve the Settlement.

GreatBanc and Berkshire will not have to pay anything for the services of the Independent Fiduciary. The plain text of the Settlement is clear that the Independent Fiduciary will be paid from the proceeds of the Settlement. Specifically, "[a]ll fees and expenses associated with the Independent Fiduciary's retention, services, and determination shall be considered Administrative Expenses," Settlement at ¶ 2.2(d), and "[a]ll Administrative Expenses approved by the Court . . . shall be paid from the Gross Settlement Amount" funded by the Brunner Defendants. *Id.* at ¶ 1.3.[5] Because the Settlement does not require GreatBanc and Berkshire to pay the Independent Fiduciary, these objections can be set aside.

---

[5] *See also* Settlement at ¶ 4.2, 4.6 (requiring that Administrative Expenses "be timely paid by the Escrow Agent out of the Qualified Settlement Fund" funded by the Brunner Defendants); *id.* at ¶ 6.1 (making it the responsibility of Plaintiffs' counsel to petition the court for payment of Administrative Expenses); *id.* at ¶ 9.3 (requiring Plaintiffs' counsel to pay any excess Administrative Expenses if the Settlement is terminated).

3

GreatBanc and Berkshire need not expend any effort toward or be exposed to any potential prohibited transaction liability as a result of the selection of the Independent Fiduciary. While the terms of the Settlement do call for "a current Plan fiduciary" to select the Independent Fiduciary, Settlement at ¶ 1.32, Plaintiffs and the Brunner Defendants have agreed that the Independent Fiduciary may be appointed by the Court, in which case GreatBanc and Berkshire will have no obligation to select the Independent Fiduciary. *See, e.g.*, *Chesemore v. All. Holdings, Inc.*, No. 09-CV-413-WMC, ECF No. 969 at *2–3 (W.D. Wis. July 24, 2014) (appointing an independent fiduciary to make certain determinations required by Prohibited Transaction Exemption (PTE) 2003-39, as described in 75 Fed. Reg. 33830 (June 15, 2010)); *see also Walsh v. Craftsman Indep. Union*, 2021 WL 4940923, at *1, 4 (E.D. Mo. Oct. 22, 2021) (explaining that the Court previously entered a consent judgment that fully settled all claims and appointed an independent fiduciary of two ERISA-governed welfare plans and granting reformation of the relevant trust agreement under section 1132(a)(2) to ensure compliance with Title I of ERISA). Based on discussions between counsel, Plaintiffs understand that this solution is acceptable to GreatBanc and Berkshire in principle, and the parties are working on the appropriate documentation to effectuate it. Counsel will be prepared to update the Court on this at the upcoming hearing on the present motion.

## II. Objections Concerning the Motion to Amend

GreatBanc objects to the proposed Settlement on grounds that it is "premature," because Plaintiffs' pending motion to amend might add new defendants to the case and those nonparties have not "had an opportunity to be heard with regard to the proposed partial settlement." GreatBanc Obj., ECF No. 265, at 3. GreatBanc also argues that the Settlement is premature because discovery is still ongoing. *See id.* ("Moreover, expert discovery has not yet closed, fact discovery could be reopened, and Plaintiffs have not moved for class certification."). Similarly, Berkshire objects because, if the motion to amend is granted, "it is not clear whether fact discovery will be

reopened in this case or to what extent the proposed partial settlement would prejudice Berkshire's rights vis-a-vis Plaintiffs and the parties who might be added." Berkshire Obj., ECF No. 264, at 2–3. For the reasons discussed below, the Court should set these objections aside and preliminarily approve the Settlement.

Neither GreatBanc nor Berkshire cite any authority suggesting nonparties have standing to object to a settlement, nor that plain legal prejudice results from a partial settlement when a motion to amend is pending. The Seventh Circuit takes a hawkish view of nonsettling defendants' ability to challenge a settlement, and these restrictions are applied to <u>actual parties</u> to a case. *See SmithKline Beecham Corp.*, 261 F. Supp. 2d at 1004; *Agretti*, 982 F.2d 242 at 244. GreatBanc and Berkshire make no argument for extending even these meager grounds for objections to nonparties, nor do they even attempt to explain how these nonparties would be prejudiced by the Settlement. These speculative, unsubstantiated objections are easily set aside.

Similarly, GreatBanc and Berkshire cite no authority nor make any showing as to how a partial settlement with the Brunner Defendants at this stage of litigation creates prejudice to them. Rather, these concerns bear on the fairness of the Settlement, and nonsettling defendants have no standing to object to the Settlement on fairness grounds. *Chesemore*, 829 F.3d at 815; *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006) ("In order to evaluate the fairness of a settlement a district court must consider . . . the stage of the proceedings and the amount of discovery completed at the time of settlement." (quotation omitted)). As a matter of law, GreatBanc and Berkshire have no standing object based on the stage of litigation or state of discovery.

Lack of standing aside, Plaintiffs' request for preliminary approval of the Settlement addresses these concerns. *See* Plfs.' Mem. Supp. Prelim. Approval, ECF No. 257, at 89–9; 3d BJS

Decl., ECF No. 258, at ¶¶ 10–18. In response, GreatBanc and Berkshire do not suggest why the stage of litigation or state of discovery militates against approval of the Settlement; they merely state it does. Meanwhile, the Seventh Circuit has blessed settlements in cases that have not even reached discovery in the first place. *See, e.g. Wong v. Accretive Health, Inc.*, 773 F.3d 859, 864 (7th Cir. 2014). Because GreatBanc and Berkshire have no standing to object based on the stage of litigation or state of discovery, and because in any case they do not show any legal prejudice, these objections can also be set aside.

**III.    Objection Concerning Indemnification, Contribution, and Set-Off**

Berkshire objects to the Settlement on grounds that it "does not address the rights of non-settling defendants . . . to indemnification, contribution, or set-off." Berkshire Obj., ECF No. 264, at 2–3. Berkshire asserts that it "could be severely prejudiced" by the Settlement's lack of discussion of such issues. *Id.* at 3 (emphasis added). For the reasons discussed below, the Court should set this objection aside and preliminarily approve the Settlement.

Berkshire is obligated to make an affirmative showing of "plain legal prejudice" to object to the Settlement. *Chesemore*, 829 F.3d at 815. Berkshire makes no showing that its legal rights would be prejudiced in any way; it merely speculates that they could. Yet Berkshire's own argument makes clear that this is not the case: the Settlement makes no mention of any defendant's right to contribution, indemnification, or set-off precisely because it takes no position on those issues. In short, as Berkshire itself admits, the Settlement is silent on this issue and whatever rights Berkshire has, nothing in the Settlement purports to alter those rights. *Cf. Donovan v. Robbins*, 752 F.2d 1170, 1181 (7th Cir. 1985) (non-settling defendants not prejudiced by, and therefore lack standing to challenge, settlement that is silent on issue of contribution). Because Berkshire does not make a showing that the Settlement affects its contribution, indemnification, or set-off rights

6

such that it would suffer plain legal prejudice, and because the Settlement in fact has no effect Berkshire's rights, the Court should set this objection aside.

## CONCLUSION

For the reasons above, the Court should set aside all of GreatBanc and Berkshire's objections to the Settlement and preliminarily approve the Settlement as requested by Plaintiffs. These arguments aside, Counsel for all parties anticipate an amicable resolution to these objections before the preliminary approval hearing.

Dated: February 17, 2025

**NICHOLS KASTER, PLLP**

s/Patricia C. Dana
Paul J. Lukas
Brock J. Specht (*pro hac vice*)
Patricia C. Dana (*pro hac vice*)
Laura A. Farley (*pro hac vice*)
Benjamin Bauer (*pro hac vice*)
Daniel P. Suitor (*pro hac vice*)
4700 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
lukas@nka.com
bspecht@nka.com
pdana@nka.com
lfarley@nka.com
bbauer@nka.com
dsuitor@nka.com

**BAILEY & GLASSER, LLP**

Patrick O. Muench
Gregory Y. Porter (*pro hac vice*)
Ryan Jenny
1055 Thomas Jefferson Street NW
Suite 540
Washington, D.C. 20007
Telephone: (202) 463-2101
pmuench@baileyglasser.com
gporter@baileyglasser.com
rjenny@baileyglasser.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2025, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Dated: February 17, 2025    s/Patricia C. Dana
Patricia C. Dana