IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Paul Laidig, Peter Lewis, and Derek Kemp, as representatives of a class of similarly situated persons, and on behalf of the Vi-Jon Employee Stock Ownership Plan, <br><br> Plaintiffs, <br> v. <br><br> GreatBanc Trust Company, Berkshire Fund VI, Limited Partnership, John G. Brunner, John G. Brunner Revocable Trust dated 06-09-1992, John and Janell Brunner Family Trust Dated May 27, 2020, Gerald Bowe, Jane Brock-Wilson, Gregory Delaney, Gerald Greiman, Sharlyn C. Heslam, Edward Kolodzieski, Lawrence J. LeGrand, Spencer Murray, Rich Koulouris, Keith Grypp, Scott Mekus, VJCS Holdings, Inc., Vi-Jon, Inc., and VJ Holding Corp., <br><br> Defendants. | Case No. 1:22-cv-01296 <br><br> Hon. LaShonda A. Hunt <br><br> Hon. Heather K. McShain <br><br> **THE SETTLING PARTIES' <u>UNOPPOSED</u> MOTION FOR APPOINTMENT OF INDEPENDENT FIDUCIARY** |

  Plaintiffs Paul David Laidig, Peter Lewis, and Derek Kemp ("Plaintiffs"), and Defendants John Brunner and the John G. Brunner Revocable Trust dated 06-09-1992 (the "Brunner Defendants," and with Plaintiffs, the "Settling Parties") respectfully move the Court for an order appointing Fiduciary Counselors, Inc. as an Independent Fiduciary to the Plan. The Settling Parties' motion is unopposed.

  The instant motion concerns the Class Action Settlement Agreement (Dkt. No. 258, at Ex. A) among the Settling Parties, certain objections filed by co-Defendants Berkshire Fund VI, Limited Partnership and GreatBanc Trust Company (Dkt. Nos. 264, 265), and the Court's May 2, 2025 Order granting preliminary approval of the Class Action Settlement Agreement and overruling the objections of Berkshire and GreatBanc. *See* Dkt. Nos. 300, 301. Consistent with the

1

Court's May 2, 2025 Order, at fn. 1, the Settling Parties are requesting that this Court appoint an Independent Fiduciary to address an issue with certain settlements that arises because of ERISA's unique statutory scheme.

Under ERISA, a fiduciary generally is prohibited from causing a plan to engage in certain transactions with a party in interest. 29 U.S.C. § 1106. Unless exempt, prohibited transactions constitute a fiduciary breach that can subject the fiduciary, and potentially other parties, to various remedies under ERISA. Where, as in this case, plaintiffs and defendants seek to settle particular types of ERISA claims that involve ERISA plans and ERISA plan accounts, the ERISA plan itself must release claims that might be owned by the ERISA plan itself. Because of this, the Department of Labor has taken the position that releases of certain ERISA claims that involve ERISA plan accounts can constituted prohibited transactions between the ERISA plan and a party-in-interest.

In order to allow settlements and provide finality to settling parties, the Department of Labor has issued an exemption from ERISA's prohibited transactions provisions that allows an independent fiduciary to agree on behalf of an ERISA plan to the ERISA plan's release of certain claims. *See* Prohibited Transaction Exemption 2003-39, 68 Fed. Reg. 75,632 (Dec. 31, 2003), as amended, 75 Fed. Reg. 33,830 (June 15, 2010) ("PTE 2003-39"). This independent review is required if a settlement, as the Settlement does here, would involve a release by an ERISA plan with parties that are alleged to have been fiduciaries or parties-in-interest. *See generally* 29 U.S.C. § 1106 (prohibiting certain transactions between an ERISA-governed plan and fiduciaries or parties-in-interest to the plan). Pursuant to 29 U.S.C. § 1108(a), which provides that the Secretary may establish exemptions from § 1106's prohibited transaction provisions, the plan's release of claims in the Settlement will be exempt from § 1106's prohibitions if the release is reviewed and approved by an independent fiduciary engaged for such purpose. *See* PTE 2003-39.

Pursuant to PTE 2003-39, an independent fiduciary must evaluate a settlement that releases claims brought on behalf of an ERISA-governed plan to determine whether the settlement's terms are "reasonable in light of the plan's likelihood of full recovery, the risks and costs of litigation, and the value of claims foregone." *Id.* Generally speaking, PTE 2003-39 requires an independent fiduciary to consider various factors and render a decision on whether the plan itself can release claims. Absent such a decision by an independent fiduciary, it is at best unclear whether settlements of certain types of ERISA claims, and particularly those settled on a class basis, would bind an ERISA plan, even if such settlements bound individual ERISA participants.

All of the claims asserted in this case against the Brunner Defendants, and an additional affiliated Brunner trust added by way of the Second Amended Complaint, will be resolved on a class-wide basis through a proposed partial class action settlement agreement (the "Settlement"), if so approved by the Court. *See* Dkt. Nos. 256, 257, 258-1. With respect to a release on behalf of the plan itself, the Class Action Settlement Agreement among Plaintiffs and the Brunner Defendants initially provided that an independent fiduciary would be selected by a "current Plan fiduciary." *See* Dkt. No. 258, Ex. A, at § 1.32. The Settlement also is expressly contingent upon approval by an Independent Fiduciary, which will effectuate a release on behalf of the plan itself. Dkt. No. 258-1 at 10, 22 (Settlement §§ 2.2, 9.1(a)). As part of the resolution of Berkshire's and GreatBanc's objections to that provision,[1] the Settling Parties have agreed to request that the Court appoint an independent fiduciary, and that agreement is set forth in an Amendment to Class Action Settlement Agreement. *See* Amendment to Class Action Settlement Agreement, Ex. A hereto ("Settlement Amendment"). The Amendment to the Class Action Settlement Agreement states that

---

[1] Current plan fiduciaries have declined to take responsibility for selecting an Independent Fiduciary. *See Declaration of Brock J. Specht in Support of Unopposed Motion for Appointment of Independent Fiduciary ("Specht Decl.")*, ¶ 2.

3

the Settling Parties will file a motion requesting that the Court appoint the Independent Fiduciary. Settlement Amendment, at 3 (amending Settlement § 1.32).

By this motion, the Settling Parties are not requesting that the Court engage in any substantive review of any issues that the Independent Fiduciary will be considering, and PTE 2003-39 does not require the party appointing an Independent Fiduciary to do anything. The Independent Fiduciary, once appointed, has full and complete, and independent, discretion to engage in the review and determinations required by PTE 2003-39.

Plaintiffs' Counsel and the Brunner Defendants' counsel agreed to propose to the Court Fiduciary Counselors, Inc. as the Independent Fiduciary to review the Settlement. *Specht Decl.*, ¶ 2. Fiduciary Counselors has significant experience reviewing similar settlements and is qualified for the role of Independent Fiduciary here. *Id.* Fiduciary Counselors has confirmed that it does not have a conflict of interest that would prevent it from serving as the Independent Fiduciary. *Id.* at ¶ 3.

In furtherance of appointing Fiduciary Counselors as the Independent Fiduciary, including, without limitation, the execution of an engagement letter, the Settling Parties request that the Court confirm the appointment of Fiduciary Counselors as the Independent Fiduciary and authorize Plaintiffs' Counsel to execute the Independent Fiduciary's engagement letter. Consistent with provisions in the Amendment to Class Action Settlement Agreement, Plaintiffs will not seek to admit the Independent Fiduciary's work product against any non-settling defendants in this proceeding, and the non-settling defendants will not incur any cost in connection with the Independent Fiduciary, nor will they be required to provide any information to the Independent Fiduciary.

ERISA empowers the Court to appoint an Independent Fiduciary for the Plan. Section 1132(a)(3) allows a participant, beneficiary, or fiduciary to bring a civil action to obtain equitable relief to enforce any provision of Subchapter I of ERISA or the terms of the plan. 29 U.S.C. §1132(a)(3). Here, the Court's appointment of an independent fiduciary is appropriate equitable relief that will ensure compliance with ERISA's prohibited transaction provisions, which are set forth in Subchapter I. *See* 29 U.S.C. § 1106 (prohibited transaction provisions); PTE 2003-39; *see, e.g.*, *Chesemore v. All. Holdings, Inc.*, No. 09-CV-413-WMC, Dkt. No. 969 at *2–3 (W.D. Wis. July 24, 2014) (appointing an independent fiduciary to make certain determinations required by Prohibited Transaction Exemption (PTE) 2003-39, as described in 75 Fed. Reg. 33830 (June 15, 2010)); *see also Walsh v. Craftsman Indep. Union*, 2021 WL 4940923, at *1, 4 (E.D. Mo. Oct. 22, 2021) (explaining that the Court previously entered a consent judgment that fully settled all claims and appointed an independent fiduciary of two ERISA-governed welfare plans and granting reformation of the relevant trust agreement under section 1132(a)(2) to ensure compliance with Title I of ERISA).

The Settling Parties therefore respectfully request that the Court issue an order, pursuant to 29 U.S.C. § 1132(a)(3), appointing Fiduciary Counselors, Inc. as the Independent Fiduciary to determine whether the requirements of PTE 2003-39 are satisfied and to authorize Plaintiffs' Counsel to execute the Independent Fiduciary's engagement letter in a manner consistent with the Court's order.

Dated: May 9, 2025　　　　　　　　　　　　　　　**NICHOLS KASTER, PLLP**

　　　　　　　　　　　　　　　　　　　　　　　　s/Brock J. Specht
　　　　　　　　　　　　　　　　　　　　　　　　Paul J. Lukas
　　　　　　　　　　　　　　　　　　　　　　　　Brock J. Specht (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　　Patricia C. Dana (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　　Laura A. Farley (*pro hac vice*)

Benjamin Bauer (*pro hac vice*)
4700 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
lukas@nka.com
bspecht@nka.com
pdana@nka.com
lfarley@nka.com
bbauer@nka.com

**BAILEY & GLASSER, LLP**

Patrick O. Muench
Gregory Y. Porter (*pro hac vice*)
Ryan Jenny
1055 Thomas Jefferson Street NW
Suite 540
Washington, D.C. 20007
Telephone: (202) 463-2101
pmuench@baileyglasser.com
gporter@baileyglasser.com
rjenny@baileyglasser.com

*Attorneys for Plaintiffs*


By:  s/  Richard J. Pearl

Richard J. Pearl
FAEGRE DRINKER BIDDLE & REATH LLP
320 S. Canal Street, Suite 3300
Chicago, IL 60606
Phone: 312-569-1000
Email: rick.pearl@faegredrinker.com

Stephanie L. Gutwein
Margaret L. Kieffer
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Phone: 317-237-0300
Email: stephanie.gutwein@faegredrinker.com
           maggie.kieffer@faegredrinker.com

*Attorneys for Defendants John G. Brunner, John G. Brunner Revocable Trust dated 06-09-1992, and John and Janell Brunner Family Trust Dated May 27, 2020*

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 9, 2025, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Dated: May 9, 2025                                      s/Brock J. Specht
                                                                            Brock J. Specht