IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL LAIDIG, PETER LEWIS, and DEREK KEMP, as representatives of a class of similarly situated persons, and on behalf of the VI-JON EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>　　　　Plaintiffs,<br>v.<br><br>GREATBANC TRUST COMPANY, BERKSHIRE FUND VI, LIMITED PARTNERSHIP, JOHN G. BRUNNER, JOHN G. BRUNNER REVOCABLE TRUST DATED 06-09-1992, JOHN AND JANELL BRUNNER FAMILY TRUST DATED MAY 27, 2020, GERALD BOWE, JANE BROCK-WILSON, GREGORY DELANEY, GERALD GREIMAN, SHARLYN C. HESLAM, EDWARD KOLODZIESKI, LAWRENCE J. LEGRAND, SPENCER MURRAY, RICH KOULOURIS, KEITH GRYPP, SCOTT MEKUS, VJCS HOLDINGS, INC., VI-JON, INC., and VJ HOLDING CORP.,<br><br>　　　　Defendants. | Case No. 22 C 1296<br><br>Hon. LaShonda A. Hunt |

**ORDER PRELIMINARILY APPROVING PARTIAL CLASS ACTION SETTLEMENT, APPROVING PROCEDURE AND FORM OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING**

This matter is before the Court on Plaintiffs' Opposed Motion for Preliminary Approval of Partial Class Action Settlement (the "Motion for Preliminary Approval") of a proposed class action settlement of the above-captioned action (the "Action") between Plaintiffs Paul Laidig, Peter Lewis, and Derek Kemp ("Plaintiffs"), individually and on behalf of a Class of participants in the Vi-Jon Employee Stock Ownership Plan, now known as the Emprise Group, Inc. Employee Stock Ownership Plan ("Plan"), and Defendants John G. Brunner and the John G. Brunner Revocable Trust dated 06-09-1992 (collectively, the "Brunner Defendants," and together with Plaintiffs, the

1

"Settling Parties"), as set forth in the Settling Parties' Class Action Settlement Agreement (the "Settlement Agreement"). Having considered the papers and arguments of counsel, the Court orders as follows:

1. The Court preliminarily approved the Settlement Agreement in its entirety and overruled the objections of Berkshire and GreatBanc. (*See* Order dated May 9, 2025, Dkt. 301). Unless defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Settlement Agreement.

2. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, there is cause to believe that: (i) the Settlement Agreement is fair, reasonable, and adequate, and within the range of possible approval; (ii) the Settlement Agreement has been negotiated in good faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case and, at times, with the assistance of an experienced, neutral mediator; (iii) the form of notice of the Settlement and of the Fairness Hearing is appropriate and warranted; and (iv) the Settlement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and is not a coupon settlement for purposes of 28 U.S.C. § 1712. The Settlement Agreement and this Order, collectively or individually, are not a finding or admission of liability by the Brunner Defendants or any other party to this Action.

3. For settlement purposes only, the Court certifies the following Settlement Class:

> All participants and beneficiaries of the Vi-Jon Employee Stock Ownership Plan (n/k/a Emprise Group, Inc. Employee Stock Ownership Plan) at any time since its inception with a vested Plan balance on or prior to October 29, 2024, excluding Defendants, the directors of Vi-Jon or of any entity in which a Defendant has a controlling interest, and legal representatives, successors, and assigns of any such excluded person.

4. For settlement purposes only, the Court preliminarily approves the appointment of Plaintiffs Paul Laidig, Peter Lewis, and Derek Kemp as class representatives.

5. For settlement purposes only, the Court preliminarily approves the appointment of Nichols Kaster, PLLP and Bailey & Glasser, LLP as Class Counsel.

6. For settlement purposes only, by separate order, the Court appointed Fiduciary Counselors, Inc., as Independent Fiduciary of the Plan for the sole purpose reviewing and, if appropriate, authorizing the proposed Amended Partial Class Action Settlement and determining whether the proposed Amended Settlement in this matter satisfies the requirements of Prohibited Transaction Exemption 2003-39, 68 Fed. Reg. 75,632 (Dec. 31, 2003), as amended, 75 Fed. Reg. 33,830 (June 15, 2010) and authorized Plaintiffs' Counsel to execute the Independent Fiduciary's engagement letter in a manner consistent with such appointment by the Court. The findings or determinations by the Independent Fiduciary and any other documents generated by the Independent Fiduciary will not be admissible in any proceeding (including the instant matter) with respect to any issue relating to the claims against or defenses asserted by the Non-Settling Defendants.

7. On August 12, 2025, at 10:15 a.m. or at such other date and time later set by Court Order,[1] in Courtroom 1425 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, this Court will hold a hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement and to determine whether: (i) final approval of the Settlement should be granted, and (ii) Class Counsel's application for Attorneys' Fees and Costs, Administrative Expenses, and Service Awards to the Named Plaintiffs, should be granted, and in what amount. Class Members may appear in person or telephonically by dialing: 1-650-479-3207

---

[1] Any change in the date, time, location, or format of the hearing shall be posted on the Settlement Website.

and entering access code: 2311 499 1046. No attendee code is required. Please review in advance the policies governing telephonic hearings that can be found on Judge Hunt's webpage on the court website. No later than July 8, 2025 (fourteen (14) days prior to the deadline for Class Members to object to the Settlement Agreement), Class Counsel shall file an application for Attorneys' Fees and Costs, Administrative Expenses, and Service Awards to the Named Plaintiffs. No later than July 29, 2025 (14 days prior to the Fairness Hearing), Plaintiffs shall file papers in support of Final Approval of the Settlement Agreement and in response to any written objections.

8. Pursuant to the Settlement Agreement, Atticus Administration LLC is appointed the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order. Atticus Administration LLC, or its designee, is additionally appointed the Escrow Agent and shall be required to perform all the duties of the Escrow Agent as set forth in the Settlement Agreement and this Order.

9. The Court approves the proposed Notice as a means of giving direct notice to Class Members by mail and also by establishing a Settlement Website, as more fully described in the Settlement Agreement. Non-Active ESOP Participant Class Members will additionally receive the Non-Active ESOP Participant Rollover Form. The Court finds that the proposed Notice and content therein fairly and adequately:

    a. Summarizes the claims asserted;

    b. Describes the terms and effect of the Settlement;

    c. Notifies the Class that Class Counsel will seek compensation from the Qualified Settlement Fundfor Attorneys' Fees and Costs, Administrative Expenses, and Service Awards;

    d. Gives notice to the Class of the time and place of the Fairness Hearing, and of Class Members' right to appear; and

    e. Describes how the recipients of the Notices may object to the Settlement,

or any requested Attorneys' Fees and Costs, Administrative Expenses, or Service Awards.

10. No later than thirty (30) calendar days following the entry of this Preliminary Approval Order, the Settlement Administrator shall cause the Settlement Website to be published on the Internet. No later than thirty (30) calendar days following the entry of this Preliminary Approval Order and in accordance with the terms of the Settlement Agreement, the Settlement Administrator also shall disseminate the Notices that are Exhibits 1 and 2 to the Settlement Agreement to the Class Members and the Non-Active ESOP Participant Rollover Form that is Exhibit 3 to the Settlement Agreement to the Non-Active ESOP Participant Class Members. Non-Active ESOP Participant Class Members must submit a Former Participant Rollover Form to the Settlement Administrator by a date no later than July 22, 2025 (twenty-one (21) calendar days before the Fairness Hearing) in order to be eligible for a rollover.

11. Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the Notices constitute the best notice practicable under the circumstances, provide due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and comply fully with the requirements of Fed. R. Civ. P. 23 and due process.

12. Any Class Member may comment in support of or in opposition to the Settlement Agreement; provided, however, that all comments and objections shall only be considered by the Court at the Fairness Hearing if they have been timely sent to Class Counsel and the Brunner Defendants' Counsel. To be timely, the comment and/or objection and any supporting documents must be mailed or otherwise delivered to Class Counsel and the Brunner Defendant's Counsel by July 22, 2025 (twenty-one (21) calendar days prior to the date of the Fairness Hearing). A Class Member who objects to the Settlement need not appear at the Fairness Hearing for the Class Member's comment to be considered by the Court. All objections from Class Members must

include in the written objection the Class Member's name and address; state that the person submitting the objection is a Class Member; state the specific grounds for the objection; include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on); provide a physical signature for the objecting Class Member; and provide a statement indicating whether the objector intends to appear at the Fairness Hearing.

13. Class Counsel shall file any objections to any aspect of the Settlement with the Court as part of their motion for Final Approval of the Settlement.

14. Class Counsel shall file any objections to any aspect of the Settlement with the Court as part of their motion for Final Approval of the Settlement.

15. Any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived such Class Member's objections and forever be barred from making any such objections in this Action or in any other action or proceeding.

16. Each Class Member is preliminarily enjoined from suing the Brunner Defendants or the Released Parties in any action or proceeding alleging any of the Plaintiffs' Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Plaintiffs' Released Claims. Further, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Plaintiffs' Released Claims against the Brunner Defendants or Released Parties.

17. The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the approval of the Settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received

in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of: (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties or a Released Party. Defendants have denied and continue to deny the claims asserted by Plaintiffs. Nothing contained herein shall be construed to prevent the Parties from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

18. In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, then the Brunner Defendants and Class Members will be restored to their respective positions immediately before the execution of the Settlement Agreement, this Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, any order entered by the Court pursuant to the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and no reference to the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

**DATED**: May 13, 2025          **ENTERED**:

*[signature: LaShonda A. Hunt]*

LASHONDA A. HUNT
United States District Judge

7