IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL LAIDIG, *et al.*,<br><br>　　　　　Plaintiffs,<br>v.<br>GREATBANC TRUST COMPANY, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:22-cv-01296<br><br>Hon. LaShonda A. Hunt |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT**

This matter came before the Court on a Fairness Hearing on August 12, 2025. During the Fairness Hearing, the Court considered, among other things, Plaintiffs' Unopposed Motion for Final Approval of Partial Class Action Settlement. (Dkt. 374). This motion is unopposed by Defendants.

Having considered the motion papers, the proposed Partial Class Action Settlement Agreement which the Court preliminarily approved on May 13, 2025, and any arguments of counsel:

**IT IS ORDERED THAT:**

　　　1.　　For purposes of this Final Approval Order, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Partial Class Action Settlement Agreement, as amended.

　　　2.　　For settlement purposes only, the following Settlement Class is hereby finally certified under Rule 23(b)(1) of the Federal Rules of Civil Procedure:

　　　　　All participants and beneficiaries of the Vi-Jon Employee Stock Ownership Plan (n/k/a Emprise Group, Inc. Employee Stock Ownership Plan) at any time since its inception with a vested Plan balance on or prior to October

1

29, 2024, excluding Defendants, the directors of Vi-Jon or of any entity in which a Defendant has a controlling interest, and legal representatives, successors, and assigns of any such excluded person.

This Settlement Class is consistent with the class initially certified by the Court for purposes of the settlement, and meets all of the requirements of Rule 23 and due process for the reasons specified in this Court's prior Order regarding Preliminary Approval of Class Action Settlement. (*See* Dkt. 311).

3. The form and method of notifying the Settlement Class Members of the terms and conditions of the Partial Settlement Agreement met the requirements of Rule 23 and due process, and constituted the best notice practicable under the circumstances. In accordance with the Court's Preliminary Approval Order, and as reflected in the information provided by the Settlement Administrator (Atticus Administration LLC), Notices were timely distributed by first-class mail to all Settlement Class Members who could be identified with reasonable effort, and provided Settlement Class Members with all necessary information regarding the Partial Settlement and their rights under the Partial Settlement (including their right to object and appear at the Fairness Hearing).

4. The terms of the Partial Settlement are fair, reasonable, and adequate, and satisfy the conditions for approval under Rule 23(e)(2). Among other things, the Court finds that:

    A. The Settlement Class was adequately represented by the Class Representatives and Class Counsel;

    B. The Partial Settlement resulted from arm's-length negotiations conducted in good faith after extensive litigation;

C. The monetary relief provided by the Partial Settlement ($1,000,000) is fair, reasonable, and adequate in light of the claims asserted, and will be effectively distributed pursuant to a common formula that treats all Settlement Class members equitably;

D. The Partial Settlement avoids significant costs, risks, and delays in connection with continued litigation;

E. The Class Representatives and Class Counsel support the Partial Settlement;

F. Settlement Class Members had the opportunity to be heard on all issues regarding the Partial Settlement Agreement, and there were no objections to the Partial Settlement;

G. The Partial Settlement was reviewed by an Independent Fiduciary, Fiduciary Counsels, Inc., which has approved the Partial Settlement and approved the release of claims therein; and

H. The Partial Settlement Agreement meets all other necessary criteria for approval and is in the best interest of the Settlement Class.

Accordingly, Plaintiffs' Unopposed Motion for Final Approval of the Partial Class Action Settlement Agreement is **GRANTED**, the Partial Settlement of the Class Action is **APPROVED** as fair, reasonable, and adequate to the Plan and the Settlement Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Partial Settlement Agreement.

5. Plaintiffs' Released Claims, whether asserted by the Class Representatives on their own behalf or on behalf of the Settlement Class Members, or derivatively to secure relief for the

Plan, are dismissed with prejudice, without costs to any of the Settling Parties other than as provided for in the Partial Settlement Agreement.

6. Neither this Final Approval Order nor the Partial Class Action Settlement Agreement constitutes an admission by any Settling Defendant or Released Party of any liability or wrongdoing whatsoever.

7. Upon the Settlement Effective Date, the Named Plaintiffs and every Settlement Class Member on behalf of themselves, their heirs, executors, administrators, estates, successors, beneficiaries, agents, attorneys and assigns, and the Plan on behalf of themselves, their heirs, executors, administrators, estates, successors, beneficiaries, agents, attorneys and assigns, and the Plan shall, with respect to each and every Plaintiff's Released Claim, be deemed to fully, finally and forever release, waive, relinquish and forever discharge each and every Plaintiff's Released Claim against any and all of the Released Parties, and forever shall be enjoined from prosecuting any such Plaintiff's Released Claims, whether or not such Settlement Class Members have submitted an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Settlement Class Members have been approved or allowed.

8. Upon the Settlement Effective Date, the Brunner Defendants, on behalf of themselves and their successors and assigns shall be deemed to fully, finally and forever release, waive, relinquish and forever discharge the Brunner Defendants' Released Claims, and forever shall be enjoined from prosecuting any such Claims.

9. Nothing herein shall preclude any action to enforce the Partial Settlement Agreement.

10. The Court has subject matter jurisdiction over this Action and personal jurisdiction over the Settling Defendants and the Settlement Class Members pursuant to the provisions of ERISA, and expressly retains the Court's continuing and exclusive jurisdiction over the Settling Parties and all Settlement Class Members to administer, construe, and enforce this Settlement Agreement in accordance with its terms for the mutual benefit of the Settling Parties, but without affecting the finality of the Final Approval Order.

11. The Court finds that all applicable CAFA requirements have been satisfied.

12. Upon the Effective Date of this Order under the Partial Class Action Settlement Agreement, the Settling Parties, the Settlement Class, and the Plan shall be bound by the Partial Class Action Settlement Agreement and by this Final Approval Order.

**DATED:** August 12, 2025

**ENTERED:**

*LaShonda A. Hunt*
LASHONDA A. HUNT
United States District Judge